UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13
CASE NO.: 17-11988

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN RE:                                      \*
    **CHRISTOPHER C. KENNEDY,**   \*
            Debtor         \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**(AMENDED) MOTION FOR RELIEF FROM AUTOMATIC STAY**

Now comes Heather W. Kennedy, non-filing spouse ("moving party"), through her attorney, and pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rules 4001, 6007, requests an order conditioning, modifying, or dissolving the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. Moving party is the non-filing spouse of the debtor, and is the defendant in a Divorce action pending in the Middlesex Probate and Family Court Department as Docket No. 15D2517.

3. Debtor filed the instant Chapter 13 case on May 30, 2017.

4. Trial of the Divorce case is scheduled to commence on October 12, 2017 and continue on October 19, 2017. A contempt hearing against the debtor regarding child support is scheduled to take place on October 18, 2017.

5. Debtor's prayer that relief from stay be granted is subject to the provision that any order entered by the Probate Court with respect to the division of marital assets that are property of the Debtor's bankruptcy estate shall be subject to review and approval by the Bankruptcy Court.

6. When determining whether to lift the stay to permit pending litigation in another forum, courts consider the following factors:
    a. whether relief would result in a partial or complete resolution of the issues;
    b. lack of any connection with or interference with the bankruptcy case;
    c. whether the other proceeding involves the debtor as a fiduciary;
    d. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
    e. whether the debtor's insurer has assumed full responsibility for defending it;
    f. whether the action primarily involves third parties;
    g. whether litigation in another forum would prejudice the interests of other creditors;
    h. whether the judgment claim arising from the other action is subject to equitable subordination;
    i. whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
    j. the interests of judicial economy and the expeditious and economical resolution of litigation;
    k. whether the parties are ready for trial in the other proceeding; and
    l. the impact of the stay on the parties and the balance of harms.
    *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984).

7. "Not all of these factors will be relevant in every case . . . [a]nd the court need not give equal weight to each factor." In re Taub, 413 B.R. 55, 61-62 (Bankr. E.D.N.Y. 2009).

8. The Middlesex Probate and Family Court has the appropriate experience and expertise in handling divorce cases, particularly with regard to division of marital assets and in this case, the Middlesex Probate and Family Court is familiar with the facts and circumstances of the domestic situation of Heather and Christopher Kennedy.

9. As the divorce case was commenced prior to the filing of the bankruptcy, a determination of the debtor's property interests can best be determined by a division of marital assets, and although it is the province of the bankruptcy court to determine what is property of the estate, the nature and extent of the Debtor's legal and equitable interests in property are determined by state law. See Butner v. United States, 440 U.S. 48, 55 (1979).

WHEREFORE, Heather Kennedy, by her attorney, prays for an Order granting relief from the automatic stay of § 362 of the Bankruptcy Code subject to the provision that any order entered by the Probate Court with respect to the division of marital assets that are property of the Debtor's bankruptcy estate shall be subject to review and approval by the Bankruptcy Court.in order to proceed with the pending divorce case.

Dated: September, 2017                    /s/ Stuart Alford, Esquire
                                          Stuart Alford, Esquire
                                          ALFORD LEGAL GROUP, LLC
                                          60 Arsenal Street
                                          Post Office Box 322
                                          Watertown, MA  02471-0322
                                          (617) 926-8800
                                          BBO# 556431
                                          Stuart@Alfordlegalgroup.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**CHAPTER 13**
**CASE NO.: 17-11988**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IN RE:                                *
   **CHRISTOPHER C. KENNEDY,**   *
              Debtor        *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

      I, Stuart Alford, Esquire, hereby certify that a copy of the foregoing has been served by U.S. Mail, postage prepaid, this 18th day of September, 2017, upon the Chapter 13 Trustee and the following parties:

Parties and/or their counsel who have registered to receive pleadings in the above-captioned case pursuant to this Court's CM/ECF system, as identified below, were served by electronic filing with the Clerk of the Court using the CM/ECF system.

| | | |
|---|---|---|
| Christopher C Kennedy<br>339 North Ave<br>Weston, MA 02493 | BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bk Of Amer<br>4909 Savarese Cir<br>Tampa, FL 33634-2413 |
| Credit One Bank Na<br>Po Box 98875<br>Las Vegas, NV 89193-8875 | Harmon Law Offices<br>PO Box 610345<br>Newton Highlands, MA 02461-0345 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Mass Dept of Revenue<br>Attn: Bankruptcy Unit<br>PO Box 9564<br>Boston, MA 02114-9564 | Massachusetts Department of Revenue<br>Litigation Bureau<br>100 Cambridge Street<br>7th Floor<br>PO Box 9565<br>Boston, MA 02114-9565 | Mid America Bk/total C<br>5109 S Broadband Lane<br>Sioux Falls, SD 57108-2208 |
| National Grid<br>300 Erie Boulevard West<br>Syracuse, NY 13202-4250 | Naturalawn Of America<br>34505 W 12 Mile Rd Ste 3<br>Farmington Hills, MI 48331-3258 | Toyota Lease Trust<br>c/o Toyota Motor Credit Corporation<br>PO Box 9013<br>Addison, Texas 75001-9013 |

| | | |
|---|---|---|
| TOYOTA MOTOR CREDIT CORPORATION<br>PO BOX 8026<br>CEDAR RAPIDS IA 52408-8026 | US Bank National Association Wells Fargo Bank, NA PO Default Document Processing N9286-01Y<br>1000 Blue Gentian Road Eagan, MN 55121-7700 | Verizon<br>by American InfoSource LP as agent<br>PO Box 248838<br>Oklahoma City, OK 73124-8838 |
| WELLS FARGO BANK NA<br>WELLS FARGO HOME MORTGAGE AMERICAS SERVICING<br>ATTN BANKRUPTCY DEPT MAC X7801-014<br>3476 STATEVIEW BLVD<br>FORT MILL SC 29715-7203 | Carolyn Bankowski-<br>Chapter 13-12 Trustee Boston<br>P. O. Box<br>Boston, MA 02114-0950 | Matthew T. Desrochers<br>The Law Offices of Matthew T. Desrochers<br>274 Main Street, Suite<br>Reading, MA 01867-3670 |

Dated: <u>September 18, 2017</u>

<u>/s/ Stuart Alford, Esquire</u>
Stuart Alford, Esquire
ALFORD LEGAL GROUP, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA  02471-0322
(617) 926-8800
BBO# 556431
Stuart@Alfordlegalgroup.com